UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| JEFFREY CARLSEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 12-10830-NMG |
| | ) | |
| CARI-ANN CARLSEN, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER FOR DISMISSAL

GORTON, D.J.

BACKGROUND

On May 8, 2012, Plaintiff Jeffrey Carlsen ("Carlsen"), a prisoner in custody at the Billerica House of Correction in Billerica, Massachusetts, filed a self-prepared pleading entitled "Petition of Civil Relief" (which is construed as a Complaint). He seeks a declaration from this Court that the New Hampshire Protective Order under which he was criminally convicted, was invalid and void. He contends that his ex-wife, Defendant Cari-Ann Carlsen, illegally obtained the New Hampshire Protective Order.

The instant action is one of several attempts by Carlsen to challenge his criminal conviction and sentence for violation of a New Hampshire Protective Order. On June 17, 2011, Carlsen filed an *Ex Parte* Request for Federal Injunctive Relief seeking an immediate hearing on the ground that his present incarceration was unlawful. He challenged his conviction in Massachusetts because of Cari-Ann Carlsen's alleged wrongdoings. He also sought relief under Fed. R. Civ. P. 60(b) with respect to the New Hampshire Protective Order. See Carlsen v. DiPaola, Civil Action No. 11-11100-RWZ. On July 15, 2011, Judge Zobel dismissed that action and denied all non-habeas relief sought by Carlsen. Judge Zobel also denied his request for

habeas relief for failure to exhaust state remedies.

Three days after filing that lawsuit, on June 20, 2011, Carlsen filed a Complaint seeking the issuance of a criminal complaint against Cari-Ann Carlsen. See Carlsen v. Carlsen, Civil Action No. 11-11119-MLW. In that action, he alleged that on May 9, 2007, Cari-Ann Carlsen knowingly provided false information to a police officer by claiming abuse of her and her children. Then, a week later, she provided false information to the New Hampshire Superior Court in Nashua, also claiming abuse. Carlsen further contended that on May 22, 2007, she knowingly provided false information to the Lowell District Court, again claiming abuse of her and her children. Next, Carlsen alleged that Cari-Ann Carlsen committed acts of fraud (by seeking a protective order in New Hampshire) because New Hampshire was not the proper venue to seek such relief. Finally, Carlsen alleged a conspiracy to commit fraud (generally) and mail fraud against the United States, by providing the false information to the state court. As a result, Carlsen claimed he was improperly sentenced and incarcerated. He sought a criminal complaint against Cari-Ann Carlsen to answer for her alleged perjury, fraud, conspiracy, and mail fraud. On July 7, 2011, Chief Judge Wolf dismissed the action on the ground that a private person lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another.

Thereafter, on August 23, 2011, Carlsen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Carlsen v. DiPaola, Civil Action No. 11-11498-RGS. Judge Stearns dismissed that action on November 4, 2011 after adopting Magistrate Judge Collings's Report and Recommendation for dismissal for failure to exhaust state remedies. Carlsen continued to seek reinstatement of his action and declaratory relief. Judge Stearns denied all

2

post-dismissal requests and prohibited Carlsen from filing any further pleadings in that case.

Undeterred, on September 16, 2011, Carlsen filed a pleading against Cari-Ann Carlsen entitled "Petition for Civil Relief." See Carlsen v. Carlsen, Civil Action No. 11-11650-GAO. On September 22, 2011, Judge O'Toole dismissed the action and prohibited Carlsen "from filing any further pleadings or requests for relief (in any form), or any new civil actions, that assert matters alleged in his prior litigation in this Court stemming from the New Hampshire Protective Order or his Massachusetts criminal conviction arising out of that Order." Memorandum and Order (Docket No. 3).

About one month before filing the instant action, on April 4, 2012, Carlsen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction and alleging that he had exhausted his state remedies. That action is pending before Judge Stearns. See Carlsen v. DiPaola, Civil Action No. 12-10599-RGS.

Carlsen paid the $350.00 filing fee for this action.

## DISCUSSION

I. Screening Authority

Carlsen paid the filing fee and thus his Complaint is not subject to preliminary screening pursuant to 28 U.S.C. § 1915(e). Moreover, because Carlsen has named a private citizen, Cari-Ann Carlsen as the Defendant, this action is not subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[1] Nevertheless, a district court has inherent authority to dismiss a frivolous or

---

[1] Section 1915A of Title 28 authorizes courts to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

malicious complaint *sua sponte*. See Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even in a fee-paying case). A court may also dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted. See Gaffney v. State Farm Fire and Cas. Co., 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision).

Further, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction, and must dismiss an action where jurisdiction is lacking.[2] For purposes of preliminary screening, Carlsen'Complaint is construed liberally because he is proceeding *pro se*. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

II.     Lack of Jurisdiction; Failure to State a Plausible Federal Claim

Even under a broad reading of the Complaint, Carlsen has failed to set forth any claim

---

[2]See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

4

sufficient to invoke the subject matter jurisdiction of this Court. In order to proceed with this action in federal court, Carlsen must demonstrate that there is either: (1) federal question jurisdiction, or (2) diversity jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

    A.    <u>There is No Federal Question Jurisdiction; Failure to State Plausible Claims</u>

A federal question "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; <u>Viqueira</u> v. <u>First Bank</u>, 140 F.3d 12, 17 (1st Cir. 1998). A claim arises under federal law within the meaning of § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint. See <u>City of Chicago</u> v. <u>International College of Surgeons</u>, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of a plaintiff's complaint. <u>Viqueira</u>, 140 F.3d at 17.

To the extent that Carlsen's Complaint can be read as alleging that his due process rights have been denied him in connection with his conviction because of the alleged wrongful actions of Cari-Ann Carlsen, he fails to set forth a plausible federal civil rights claim under 42 U.S.C. § 1983. This is because state action is a required element in a civil rights claim, and Cari-Ann Carlsen is a private citizen and not a state actor.[3]

It is "[o]nly in rare circumstances" that private parties can be viewed as state actors. <u>Estades-Negroni</u> v. <u>CPC Hosp. San Juan Capestrano</u>, 412 F.3d 1, 4 (1st Cir. 2005). The United

---

[3]"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." <u>Santiago</u> v. <u>Puerto Rico</u>, 655 F.3d 61, 68 (1st Cir. 2011) (quoting <u>Redondo–Borges</u> v. <u>U.S. Dep't of HUD</u>, 421 F.3d 1, 7 (1st Cir.2005) (other citation omitted). In order to state a cognizable claim under § 1983, "a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued." <u>Id.</u>

States Court of Appeals for the First Circuit employs a three-part test to determine whether a private party can be characterized as a state actor: the state compulsion test, the nexus/joint action test, and the public function test. Id. at 5 citing Rockwell v. Cape Cod Hospital, 26 F.3d 254, 257 (1st Cir. 1994) and Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18-21 (1st Cir.1999). See Santiago, 655 F.3d at 68. "Under the state compulsion test a private party is fairly characterized as a state actor when the state 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State.'" Estades-Negroni, 412 F.3d at 5 (quoting Blum v. Yaretsky, 457 U.S. 991 (1982)). Under the nexus/joint action test, a private party can be characterized as a state actor "where an examination of the totality of the circumstances reveals that the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity].'" Id. (quoting Bass v. Parkwood Hospital, 180 F.3d 234, 242 (5th Cir. 1999)). Finally, under the public function test, a private party can be characterized as a state actor "if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State.'" Id. (quoting Blum, 457 U.S. at 1005). There is nothing in Carlsen's allegations from which this Court reasonably could infer that Cari-Ann Carlsen's conduct falls within any of these three categories.

  B.  There is No Diversity Jurisdiction

  Next, this Court lacks diversity jurisdiction over any of Carlsen's state-law based claims to the extent there are any. District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C.

§ 1332(a). Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). Here, Carlsen has not alleged the parties are diverse and there is nothing in Carlsen's Complaint from which this Court reasonably could infer diversity of citizenship exists, or that the amount in controversy exceeds $75,000.00.

Accordingly, this action is <u>DISMISSED</u> for lack of subject matter jurisdiction.

C. <u>Carlsen's Claims are Barred by the Favorable Termination Rule</u>

As an additional matter, Carlsen fails to state a claim upon which relief may be granted because his claims are barred by the Favorable Termination Rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. In Heck, the Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action under 42 U.S.C. § 1983 because the success of the suit would effectively invalidate the prisoner's underlying conviction and sentence. Id. at 486-87. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, <u>or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid</u>, a plaintiff asserting a cause of action under § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486. This rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but applies wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487.

Here, Carlsen seeks a declaratory judgment that, due to Cari-Ann Carlsen's actions, the

7

New Hampshire Protective Order is invalid or void. In essence, Carlsen is seeking, in a roundabout manner, to attack his criminal conviction for violation of that Order. It is clear that a judgment in Carlsen's favor in this action would necessarily imply the invalidity of his conviction. Consequently, the Favorable Termination Rule applies to bar Carlsen's claims.

Moreover, as noted above, Carlsen already has a § 2254 habeas petition pending in this Court. That is the proper vehicle for presenting his challenges to his criminal conviction based on the New Hampshire Protective Order. Under <u>Heck</u>, a civil action is not a vehicle by which an allegedly wrongfully convicted plaintiff may challenge an intact criminal conviction.

III. <u>The Instant Action Violates Judge O'Toole's Order</u>

As noted above, Carlsen has made a number of attempts to seek relief from his conviction and sentence. In <u>Carlsen</u> v. <u>Carlsen</u>, Civil Action No. 11-11650-GAO, Judge O'Toole expressly prohibited Carlsen from filing any further pleadings or requests for relief, <u>or any new civil actions</u>, that asserted matters alleged in his prior litigation challenging the New Hampshire Protective Order or his Massachusetts criminal conviction arising out of that Order. The instant action reiterates claims against Cari-Ann Carlsen raised in Carlsen's earlier cases and raises the claim that the New Hampshire Protective Order was invalid. As such, the filing of this action is in direct violation of Judge O'Toole's Order. Thus, apart from the legal impediments noted above, dismissal of this action as a sanction is warranted.

Finally, Carlsen is <u>WARNED</u> that he could be subject to further sanctions should he continue to file any pleadings (in any form) seeking to invalidate the New Hampshire Protective Order or his Massachusetts criminal conviction. Again, that challenge is before the Court in his § 2254 habeas case; any pleadings should be filed in that action and no others. Should Carlsen

8

fail to comply with this directive, a monetary sanction may be imposed and/or an order enjoining him from filing any further pleadings or suits unless he first receives prior permission of the Court to do so.

IV. The Summons is Rescinded

As noted above, the Clerk's Office already issued the summons to Carlsen. Accordingly, in light of the dismissal of this action, the summons issued on May 8, 2012 is hereby RESCINDED. Carlsen may not make attempts to effect service on Cari-Ann Carlsen and any service made will be considered defective. Cari-Ann Carlsen need not file any response to this action.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The summons issued on May 8, 2012 is RESCINDED;

2. This action is DISMISSED *sua sponte* in its entirety; and

3. Plaintiff is WARNED that he could be subject to sanctions should he file any further pleadings seeking to invalidate the New Hampshire Protective Order or his Massachusetts criminal conviction.

SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: May 18, 2012